IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA LANG WHIGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:19cv685-MHT-CSC |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Joshua Lang Whigan has filed this motion under 28 U.S.C. § 2255 challenging his 2017 conviction for being a felon in possession of ammunition and his resulting sentence of 180 months in prison. Doc. 1.[1] For the reasons discussed below, the Court finds that Whigan's § 2255 motion should be denied without an evidentiary hearing and dismissed with prejudice.

## I. BACKGROUND

On August 9, 2017, a jury found Whigan guilty of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Doc. 11-1 at 132–34. After a sentencing hearing on December 1, 2017, the district court sentenced Whigan to 180 months in prison

---

[1] References to document numbers of the pleadings, motions, and other materials in the court file in this § 2255 action, as assigned on the docket sheet by the Clerk of Court, are designated as "Doc." References to document numbers assigned by the Clerk in the underlying criminal case (Case No. 2:16cr568-MHT) are designated as "Crim. Doc." All pinpoint citations are to the pages of the electronically filed documents in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).[2] Crim. Doc. 108 at 39.

Whigan appealed, arguing that his sentence violated the Eighth Amendment and was substantively unreasonable. On October 1, 2018, the Eleventh Circuit affirmed Whigan's conviction and sentence. Crim. Doc. 108 at 112; *see United States v. Whigan*, 739 F. App'x 588 (11th Cir. 2018).

On September 16, 2019, Whigan, acting pro se, filed this § 2255 motion claiming that (1) his conviction should be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because, he says, the government did not prove he knew he was barred from possessing ammunition, and (2) his counsel was ineffective for failing to request a jury instruction that the government had to prove he knew he was barred from possessing ammunition. Doc. 1 at 4–5; Doc. 2 at 3–6. In October 2020, Whigan amended his § 2255 motion to add a claim that his indictment failed to state an offense and thus was fatally defective. Doc. 20.

## II. DISCUSSION

### A. Legal Standard

The grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3)

---

[2] Ordinarily, a defendant convicted of violating 18 U.S.C. § 922(g)(1) faces a maximum sentence of 10 years' imprisonment. 18 U.S.C. § 924(a)(2). However, if the offender's prior criminal record includes at least three convictions for violent felonies or serious drug offenses, the ACCA mandates a minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1).

exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. *See also McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The petitioner, not the government, bears the burden to establish that vacatur of the conviction or sentence is required. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

**B.      Standard for Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is evaluated under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). An attorney is considered constitutionally ineffective if (1) his "performance was deficient" and (2) that "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is highly deferential, and the court indulges a strong presumption that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*,

3

466 U.S. at 694. Unless a petitioner satisfies the showings required on both prongs of the *Strickland* test, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *see Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

C.   **Whigan's Claims Under *Rehaif***

    1.   ***Rehaif*: Government's Failure to Prove Whigan's Knowledge He Was Prohibited from Possessing Ammunition**

Whigan claims his conviction should be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because, he says, the government did not prove he knew he was barred from possessing ammunition. Doc. 1 at 4; Doc. 2 at 3–4.

It is unlawful for any person who has been convicted of a felony to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1). In *Rehaif,* decided on June 21, 2019, the Supreme Court interpreted the statutory language of 18 U.S.C. § 922(g) as requiring a defendant to know both that he possessed a firearm or ammunition and that he belonged to the relevant category of persons barred from possessing a firearm or ammunition (i.e., that he knows he has been convicted of a crime punishable by imprisonment for a term greater than one year). 139 S. Ct. at 2200. The Eleventh Circuit has since held that *Rehaif* "did not announce a 'new rule of constitutional law,' but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) . . . the government must prove that the defendant knew he violated each of the material elements of § 922(g)." *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (emphasis omitted); *see also In re Wright*, 942 F.3d 1063, 1065 (11th Cir.

2019). The Supreme Court did not make *Rehaif* retroactive to cases on collateral review. *Wright*, 942 F.3d at 1065.

According to Whigan, the government was required under *Rehaif* to prove that he knew he was prohibited from possessing ammunition, but failed to do so. Whigan's *Rehaif*-based claim is procedurally defaulted because he failed to raise the issue at trial or on direct appeal. Where a substantive claim is not advanced at trial or on direct appeal, it is procedurally barred in a § 2255 proceeding. *See McKay*, 657 F.3d at 1196.

A defendant can overcome this procedural bar by establishing either (1) cause for the default and actual prejudice from the alleged error; or (2) actual innocence of the crimes for which he was convicted. *Howard v. United States,* 374 F.3d 1068, 1072 (11th Cir. 2004). "The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel, meaning that its legal basis [was] not reasonably available to counsel." *United States v. Bane*, 948 F.3d 1290, 1296–97 (2020) (quotation marks omitted, alteration in original). Unlike claims based on new rules of constitutional law, claims based on purely statutory interpretations are not novel, as "[a]n argument for an interpretation of a statute that is consistent with its ordinary meaning and structure is not something that counsel would not be aware of or that courts would reject out of hand." *Id*. at 1297 (quotation marks and alteration omitted). The Eleventh Circuit has determined that "*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default." *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020), cert. denied, 141 S. Ct. 2827 (2021), and cert. denied sub nom. *Jones v. United States*, 141 S. Ct. 2827 (2021). Because Whigan's *Rehaif* claim is not truly novel, "novelty" does not provide cause to

excuse his procedural default. *See Davis v. United States*, 2021 WL 4768638, at *5 (M.D. Ga. July 12, 2021) (discussing numerous cases in this circuit holding that a *Rehaif* claim is not "truly novel" to provide cause to excuse procedural default).

"Ineffective assistance of counsel may satisfy the cause exception to a procedural bar," if the ineffective assistance of counsel claim has merit. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). However, Whigan's counsel's failure to raise a *Rehaif* claim previously does not constitute cause, because counsel cannot be ineffective for failing to raise a claim based on predictions of how the law may develop. *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994). *See Dawkins v. United States*, 2020 WL 3576841, at *2 (N.D. Ala. July 1, 2020), certificate of appealability denied, 2020 WL 8270518 (11th Cir. Dec. 1, 2020) (finding counsel's failure to raise *Rehaif* claim before *Rehaif* was decided was not ineffective assistance providing cause to excuse petitioner's procedural default of claim).

As to the actual-innocence exception, a movant must establish that, in light of new reliable evidence not presented at trial, "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Any claim of factual innocence cannot excuse Whigan's procedural default, as he merely challenges the legal sufficiency of his conviction and provides no credible evidence of his actual innocence.

For these reasons, then, Whigan's *Rehaif* claim, based on the government's alleged

failure to prove he knew he was barred from possessing ammunition, is procedurally barred and is subject to no further review.[3]

### 2. *Rehaif*: Counsel's Failure to Request Jury Instruction Requiring Proof of Whigan's Knowledge

Whigan claims his counsel was ineffective for failing to request a jury instruction, in light of *Rehaif*, that the government had to prove he knew he was barred from possessing ammunition. Doc. 1 at 5; Doc. 2 at 5–6.

Whigan's counsel cannot be said to have performed deficiently by failing to request, in August 2017, a jury instruction based on the June 2019 holding in *Rehaif*. As previously noted, counsel cannot be ineffective for failing to raise a claim based on a prediction of how the law may develop. *Spaziano*, 36 F.3d at 1039. *See Dawkins*, 2020 WL 3576841, at *2. Thus, Whigan's claim does not satisfy the performance prong of the *Strickland* test. As such, he is entitled to no relief on this claim of ineffective assistance of counsel.

### 3. *Rehaif*: Defective Indictment

In the amendment to his § 2255 motion, Whigan claims that his indictment failed to state an offense and thus was fatally defective. Doc. 20. According to Whigan, the indictment failed to state the material elements of the offense of being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1). *Id.* at 1–2. Although Whigan does not elaborate, he

---

[3] *Rehaif*'s knowledge-of-status requirement is that the government prove that the defendant knew at the time of the offense that he had previously been convicted of a felony, i.e., a crime punishable by imprisonment for a term greater than one year. *Rehaif*, 139 S. Ct. at 2200. The record before this Court provides powerful evidence that Whigan knew he was a felon at the time of his offense, as Whigan had an extensive history of felony convictions, some of which resulted in his serving prison terms greater than one year. *See* Doc. 12-1 at 7–11. Most people convicted of a felony know that they are felons. *See United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020). And someone who has been convicted of felonies repeatedly is especially likely to know he is a felon. *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020).

appears to suggest that the indictment was fatally defective because it did not specifically include the requirement that he knew he belonged to the category of persons barred from possessing ammunition at the time of the offense. Whigan maintains that his claim regarding a defect in the indictment is jurisdictional and is not subject to being procedurally barred. *Id*. at 1–2.

This Court rejects Whigan's contention that the alleged *Rehaif* defect in his indictment is jurisdictional and not subject to being procedurally barred. The Eleventh Circuit had held that a *Rehaif* defect is not jurisdictional. *United States v. Moore*, 954 F.3d 1322, 1334-37 (11th Cir. 2020). "A defective indictment only affects jurisdiction when it fails to allege an offense against the United States," not when it merely omits an element of an offense. *Id*. at 1336; *United States v. McClellan*, 958 F.3d 1110, 1117–18 (11th Cir. 2020) (following *Moore*); *see also Carlyle v. United States*, 836 F. App'x 780, 782 (11th Cir. 2020).[4] The Eleventh Circuit in *Moore* noted that *Rehaif* itself implies that failure to

---

[4] Whigan's indictment cited and tracked the text of 18 U.S.C. § 922(g)(1) and read:

COUNT 1
Felon in Possession of Ammunition

On or about November 23, 2015, in Houston County, Alabama, within the Middle District of Alabama. the defendant,

JOSHUA LANG WHIGAN,

having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, to wit:

1. On or about October 1, 2013, Unlawful Distribution of a Control led Substance, in the Circuit Court of Houston County, Alabama, case number CC-2011-860;

Continued . . .

8

include the knowledge-of-status element is not jurisdictional. 954 F.3d at 1336–37 ("Had the defect in *Rehaif*—the same defect we consider here—been jurisdictional, the Supreme Court would have ruled on that ground rather than on the merits.").

Because a *Rehaif* defect in an indictment is not jurisdictional, Whigan's claim here is procedurally defaulted, as he failed to raise the issue at trial or on direct appeal. *See McKay*, 657 F.3d at 1196. Further, for the same reasons discussed above regarding Whigan's Claim 1, neither "novelty" nor ineffective assistance of counsel provides cause to excuse his procedural default of his *Rehaif*-defect claim regarding the indictment, and

---

2. On or about May 13, 2008. Possession of Marijuana in the First Degree, in the Circuit Court of Houston County, Alabama, case number CC-2005-2038;

3. On or about May 13, 2008, Possession of Cocaine, in the Circuit Court of Houston County, Alabama, case number CC-2005-2037;

4. On or about May 13, 2008, Failure to Register as a Sex Offender, in the Circuit Court of Houston County, Alabama, case number CC-2005-2036;

5. On or about January 31, 2007, Possession of Cocaine with intent to Distribute, in the United States District Court for the Middle District of Alabama, case number 1:06-CR-133-MHT;

6. On or about April 5, 2005. Rape in the Second Degree, in the Circuit Court of Houston County, Alabama, case number CC-2004-692;

7. On or about April 29, 1999, Possession of Cocaine, in the Circuit Court of Houston County, Alabama, case number CC-1998-1248;

8. On or about October 16, 1997, Receiving Stolen Property in the Second Degree, in the Circuit Court of Houston County, Alabama, case number CC-1996-1265,

did knowingly possess in and affecting interstate commerce ammunition, a better description of which is unknown to the grand jury, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1).

Crim. Doc. 1 at 1–2. Because Whigan's indictment tracked the text of § 922(g)(1), it sufficiently stated a crime against the United States. *Moore*, 954 F.3d at 1333, 1336–37.

the actual-innocence exception does not apply. For these reasons, this claim is procedurally barred and is subject to no further review.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Whigan be DENIED and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **May 4, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 20th day of April, 2022.

                                         /s/   Charles S. Coody
                                         CHARLES S. COODY
                                         UNITED STATES MAGISTRATE JUDGE